**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| ROBERT DOUGLAS TURNER | : | |
| Plaintiff | : | |
| v | : | Civil Action No. RDB-06-2586 |
| LT. VANESSA WILLIS,<br>and SGT. RALPH WALKER | : | |
| | : | |
| Defendants | | |

o0o

**<u>MEMORANDUM OPINION</u>**

Pending in this civil rights action is Defendants' Motion to Dismiss or for Summary Judgment.  Paper No. 16.  Plaintiff has filed a Response in Opposition.  Upon review of the papers filed, the Court finds a hearing in this matter unnecessary.  Local Rule 105.6 (D. Md. 2004).  For the reasons that follow, the Motion to Dismiss or for Summary Judgment, construed as a Motion for Summary Judgment, shall be granted.

**Background**

Plaintiff claims that on July 15, 2005, at approximately 11:30 p.m., Defendants came to his prison cell to tell him to uncover the window of the cell door.  Paper No. 1 at p. 4.  Plaintiff alleges that he complied with the order, at which time Lt. Willis noticed Plaintiff's neck was bleeding.  *Id.*  Plaintiff asserts that Willis stated, "[w]ipe that shit off and go sit down, all right?"  *Id.* at p. 5.  Plaintiff claims that Defendants then walked away from his cell laughing and he was not taken to see medical staff until 12:35 a.m..  *Id.*  Plaintiff asserts that Defendants' conduct violated his Eighth Amendment right to be free from cruel and unusual punishment.

Defendants claim Plaintiff has a long history of inflicting wounds on himself. On July 16, 2005, at approximately 12:35 a.m., Defendant Willis was told by Sergeant Holmes that Plaintiff had

injured himself by cutting his neck with a razor blade.  Holmes told her Plaintiff showed him the razor blade he used to cut himself and that he flushed it down the toilet shortly thereafter.  Ex. 2. Plaintiff was seen flushing his toilet continuously, causing water to run out onto the tier and the steps.  Holmes noticed blood on Plaintiff's face, chest and shorts, at which point Plaintiff's cell was opened and searched, and Plaintiff was escorted to the medical unit for examination.  Plaintiff was examined by a nurse who arrived at the institution at approximately 1:25 a.m..  After the blood was cleaned off, it was discovered that Plaintiff had a superficial cut to his neck which was treated. Plaintiff was also provided with a psychiatric evaluation to determine if he was suicidal.

**Standard of Review**

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate.  *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979)*;  Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950).  The moving party bears the burden of showing that there is no genuine issue of material fact. *See* Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party.

2

*See Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 437 (4th Cir. 1998).  Nonetheless, a party who bears the burden of proof on a particular claim must factually support each element of his or her claim.  "[A] complete failure of proof concerning an essential element . . . necessarily renders all other  facts immaterial."  *Celotex*, 477 U.S. at 323.  Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence.  *See Anderson*, 477 U.S. at 256.  Inasmuch as Defendants' motion relied on matters outside the scope of the pleadings, it shall be construed as a motion for summary judgment.  *See* Fed. R. Civ. P. 12(b)(6).

### Analysis

In order to state an Eighth Amendment constitutional claim for denial of medical care, Plaintiff must demonstrate that Defendants' acts (or failures to act) amounted to deliberate indifference to his serious medical needs.  *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  In essence, the treatment rendered must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. *See Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) (citation omitted).  "Deliberate indifference may be demonstrated by either actual intent or reckless disregard."  *Miltier*, 896 F.2d at 851.  Reckless disregard occurs when a defendant "knows of and disregards an excessive risk to inmate health or safety; the [defendant] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference."  *Farmer v. Brennan*, 511 U. S. 825, 837 (1994).

"'[B]ecause society does not expect that prisoners will have unqualified access to health care,' the objective component of an Eighth Amendment claim based on deprivation of medical attention

is satisfied only if the medical need of the prisoner is 'serious.'" *Shakka v. Smith*, 71 F.3d 162, 166

(4th Cir. 1995) (quoting *Hudson v. McMillian*, 503 U. S. 1, 9 (1992)).  "[A]n injury or condition is

'serious' only if it is 'life threatening or poses a risk of needless pain or lingering disability if not

treated at once.'" *Anderson-El v. O'Keefe*, 897 F. Supp. 1093, 1096 (N.D. Ill. 1995) (quoting *Davis*

*v. Jones*, 936 F.2d 971, 972 (7th Cir. 1991)).  In determining whether an alleged deprivation of

medical care amounts to a constitutional violation, courts must consider the severity of the medical

problem, the potential for harm if medical care was denied or delayed, and whether such harm

actually resulted from the lack of medical attention. *See Burns v. Head Jailor of LaSalle County*, 576

F. Supp. 618, 620 (D. N. Ill. 1984) (citation omitted).

The administrative law judge ("ALJ") who heard Plaintiff's Inmate Grievance Office

complaint, summarized the matter as follows:

> If, as [Plaintiff] claims, Lt. Willis laughed at [Plaintiff's] condition, that was clearly inappropriate. It appears from all the documentation, however, that the situation was expeditiously and appropriately addressed. The longest delay reflected in the reports was between the time [Plaintiff] states he cut himself and the time it was discovered. That delay was the result of [Plaintiff's] efforts to conceal his actions, not any inaction of staff.  There was again some delay between 12:35, when the officer making rounds first learned that something was amiss, and the time [Plaintiff] was seen by the nurse.  In the interim, however, there was an opportunity to determine that his injury was not serious, and the wait for the nurse to arrive did not, therefore, place [Plaintiff] at undue risk. Once the nurse arrived, [Plaintiff] received proper and thoughtful attention.  Moreover, promptly upon learning of [Plaintiff's] action, steps were ordered and taken to assure that [he] did not further harm himself.

Paper No. 16 at Ex. 9 at p. 6.

Plaintiff takes issue with the ALJ's denial of the witnesses he requested, and claims the

investigation of his complaint revealed that his witness supported his claim.  Paper No. 18.  Plaintiff

does not dispute, however, that: he had the window of his cell covered; he was taken to the medical

unit at approximately 12:35; some of the delay was caused by Plaintiff's concealment of the injury;

4

and his injury was a superficial cut to his neck.  Based on the undisputed facts, there is no evidence

that Defendants were deliberately indifferent to a serious medical need.  Accordingly, Defendants

are entitled to summary judgment in their favor.

      A separate Order follows.


May 21, 2007                   /s/
Date                          RICHARD D. BENNETT
                          UNITED STATES DISTRICT JUDGE